IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00537-PAB

STACY N. BROWN-MUELLER,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

_____

## ORDER
_____

      This matter is before the Court on plaintiff Stacy N. Brown-Mueller's complaint [Docket No. 1] filed on March 1, 2013.  Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.[1]  The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## I. BACKGROUND

      On March 10, 2009, plaintiff applied for disability benefits under Titles II and XVI of the Act.  R. at 25.  Plaintiff alleged that she had been disabled since December 31, 2007.  *Id.*  After an initial administrative denial of her claim, plaintiff and her husband, William Mueller, appeared and testified at a hearing before an Administrative Law

_____

      [1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Judge ("ALJ") on April 4, 2011.  *Id.*  On April 22, 2011, the ALJ issued a decision denying plaintiff's claim.  *Id.* at 38.

The ALJ found that plaintiff had the severe impairments of "alcohol dependence, liver disease with cirrhosis, lumbar spine L5/S1 disc bulge, bipolar disorder not otherwise specified vs. depressive disorder not otherwise specified, and anxiety disorder not otherwise specified vs. posttraumatic stress disorder (PTSD)."  R. at 27. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id.* at 28-29, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), with the following abilities and limitations: The claimant can lift/carry 5 pounds frequently and 10 pounds occasionally; sit for up to 4 hours in an 8 hour workday; and stand and/or walk for up to 4 hours total in an 8 hour workday. She can frequently balance; occasionally stoop, kneel, crouch, crawl, and climb ramps/stairs; and never climb ladders/ropes/scaffolds. The claimant can frequently operate foot controls bilaterally and she can tolerate occasional exposure to extreme cold and frequent exposure to unprotected heights. Mentally, the claimant remains able to understand and remember simple 3- to 4- step instructions, sustain attention for 2-hour blocks throughout an 8 hour workday, complete assigned tasks with ordinary supervision, and exercise sufficient judgment to make basic work related decisions. The claimant requires work needing little or no judgment, cannot analyze/plan/direct the work of others, and can adhere to a normal work schedule and adjust to changes in a work environment with few variables. The claimant can tolerate occasional public interaction and is able to interact appropriately with both supervisors and co-workers, provided contact is neither frequent nor prolonged.

*Id.* at 29-30.  Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform."  *Id.* at 37.  On January 3, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's denial.  *Id.* at 1.

2

Therefore, the ALJ's decision is the final decision of the Commissioner.

## II.  ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070.  Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

3

## B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of

establishing a prima facie case of disability under steps one, two, and four, the burden

shifts to the Commissioner to show the claimant has the residual functional capacity

(RFC) to perform other work in the national economy in view of her age, education, and

work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005);

*see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the

initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform

himself about facts relevant to his decision and to learn the claimant's own version of

those facts."  *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### **C.  The ALJ's Decision**

Plaintiff argues that the ALJ erred in (1) concluding that plaintiff could perform

work that is inconsistent with the ALJ's RFC finding, (2) improperly weighing medical

opinions, (3) finding that plaintiff was not credible, (4) failing to establish the

qualifications of the VE, and (5) failing to consider appropriate vocational factors in

concluding that significant jobs exist in the national economy that plaintiff can perform.

Plaintiff also argues that the Appeals Council erred in failing to take into account new

information that was submitted after the hearing.

The Court first addresses whether the ALJ erred in concluding that plaintiff is

capable of performing jobs that are inconsistent with the ALJ's RFC determination.

Based on the testimony of the VE, the ALJ concluded that plaintiff was capable of

performing the jobs of office helper, Dictionary of Occupational Titles ("DOT")

# 239.567-010, and surveillance systems monitor, DOT # 379.367-010.  R. at 37.

Plaintiff argues that the ALJ erred in finding that plaintiff can perform either job because

(1) the surveillance system job required a reasoning level inconsistent with plaintiff's mental RFC, (2) the office helper job, which requires workers to "carry out detailed but uninvolved written oral instructions, deal with problems involving a few concrete variables in or from standardized situations" was inconsistent with the ALJ's finding that plaintiff required a job that involved little or no judgment, and (3) that the office helper job is classified as light work, while the ALJ's RFC limited plaintiff to sedentary work. *See* Docket No. 11 at 12-15.

First, plaintiff argues that the ALJ erred in finding that plaintiff could perform the job of surveillance system monitor because the job calls for a General Educational Development ("GED") reasoning level of three, which is inconsistent with the ALJ's finding that plaintiff was limited to simple, three to four step instructions.  Docket No. 11 at 12-13.  A GED reasoning level of three is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations."  DOT, App'x C, § III.  The Commissioner argues that GED levels only "describe[] in general terms the educational level expected of someone who performs a given job[,]" and are not "intended as a job description or requirement, or as reflecting the particular mental demands of the jobs listed in the DOT."  Docket No. 12 at 21.  The Court agrees with plaintiff.  The Tenth Circuit has held that a limitation to "simple and routine work tasks" is "inconsistent with the demands of level-three reasoning."  *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).  Here, the ALJ's RFC limits plaintiff to "simple, 3- to 4-step instructions" and found that plaintiff "requires work needing little

6

or no judgment[.]" R. at 29-30.  Under Tenth Circuit precedent, this inconsistency requires remand so that the ALJ can "address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE."  *Hackett*, 395 F.3d at 1176; *see also Scheibeler v. Astrue*, No. 08-cv-01643-WYD, 2009 WL 3077310 at *3 (D. Colo. Sept. 21, 2009) ("[a] person such as Plaintiff whose mental RFC is limited to "simple" work and work that is not "detailed" would thus arguably lack the mental RFC for jobs at or above R2").

Plaintiff next argues that the ALJ's finding that plaintiff can perform the job of office helper, which has a GED reasoning level of two, is inconsistent with plaintiff's RFC.  Docket No. 11 at 13-14.  Specifically, plaintiff argues that a reasoning level of two requires plaintiff to "deal with problems involving a few concrete variables in or from standardized situations," whereas the RFC limits plaintiff to work "needing little or no judgment" and "few variables."  *See id.*  Plaintiff also argues that the DOT's description of the job of office helper involves "performing a variety of duties, often changing from one task to another of a different nature without loss of efficiency or composure," which is inconsistent with the RFC's limitation to work with few variables.  *Id.* at 14.  The Court disagrees.  According to the Tenth Circuit, a limitation to simple or routine work is not inconsistent with level two reasoning.  *Hackett*, 395 F.3d at 1176.  Moreover, the RFC limitations noted by plaintiff are not inconsistent with the ability to "deal with problems involving a few concrete variables in or from standardized situations" or to perform a "variety of duties."

Plaintiff also argues that the job of office helper is classified as light work, while

the RFC found that plaintiff can only perform sedentary work with additional limitations.

Docket No. 11 at 15.  The Commissioner responds that, even though the ALJ found

that plaintiff can perform sedentary work, the ALJ described physical abilities consistent

with an RFC for light work.  *See* Docket No. 12 at 24.  The Court agrees with plaintiff.

Light work

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).  The ALJ found that plaintiff has the RFC to stand and/or walk

for four hours in an eight hour workday and to lift or carry 5 pounds frequently and 10

pounds occasionally.  R. at 29.  This is not "substantially all" of the activities of light

work.  *See Richardson v. Astrue*, 858 F. Supp. 2d 1162, 1171 (D. Colo. 2012) ("A

finding that Plaintiff can only lift ten pounds occasionally means that Plaintiff can not

perform light work.").  The VE stated that her testimony concerning the office helper job

was in no way inconsistent with the DOT.  R. at 75.  The ALJ erred in not discussing

and resolving the inconsistency between plaintiff's RFC and the demands of the office

helper job as defined by the DOT.

Because both the surveillance system monitor and office helper jobs are

inconsistent with plaintiff's RFC, the Commissioner has not met her burden at step five

to show that plaintiff has the RFC to perform work that exists in substantial numbers in

the national economy.  *See Fischer-Ross*, 431 F.3d at 731.  Remand is therefore

appropriate.  Reconsideration of plaintiff's ability to perform other work in light of her

8

RFC will provide the ALJ with the opportunity to reassess the totality of evidence supporting plaintiff's RFC.  Therefore, the Court will not address plaintiff's remaining arguments.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issued raised by appellant because they may be affected by the ALJ's treatment of this case on remand").

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.


DATED March 25, 2015.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge